UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REBECCA AYALA,

        Plaintiff,

    v.

FRITO LAY, INC.,

        Defendant.

No. 1:16-cv-01705-DAD-SKO

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART AND DENYING IN PART; DENYING DEFENDANT'S MOTION TO STRIKE

(Doc. Nos. 9–10.)

      This matter is before the court on April 18, 2017, for hearing of defendant's motions to dismiss and to strike brought under Federal Civil Procedure Rules 12(b)(6) and 12(f). (Doc. Nos. 9–10.) Plaintiff Rebecca Ayala, proceeding pro se in this action, appeared telephonically on her own behalf, and attorney James Berry appeared telephonically on behalf of defendant Frito Lay, Inc. Oral argument was heard and the motions were taken under submission. For the reasons stated below, defendant's motion to dismiss will be granted in part and denied in part, and its motion to strike will be denied.

## FACTUAL BACKGROUND

      On September 1, 2016, plaintiff Rebecca Ayala filed a complaint on her own behalf in the Stanislaus County Superior Court against defendant Frito Lay, Inc. ("Frito Lay"). (Doc. No. 1 at 2.) Plaintiff Ayala is a citizen of California, and defendant Frito Lay is a citizen of Delaware and

1

Texas. (*Id.* at 3–4, ¶ 7.) On November 7, 2016, defendant removed the action to this federal court based on diversity of citizenship jurisdiction. (Doc. No. 1.) On January 19, 2017, plaintiff filed a First Amended Complaint ("FAC"), the operative complaint in this action. (Doc. No. 8.)

Plaintiff's complaint asserts four types of claims against defendant Frito Lay: (i) violation of California's Fair Employment Housing Act ("FEHA"), California Government Code §§ 12940, et seq., for alleged discrimination on the basis of sex, race, and disability; failure to accommodate disability; refusal to engage in the interactive process; unlawful harassment; failure to prevent harassment and maintain an environment free from harassment; and retaliation; (ii) violation of the California Labor Code, §§ 201–203, 986., 98.7, 1102.5, and 6310, based on unlawful termination and retaliation, and failure to pay all wages due upon discharge; and (iii) wrongful termination in violation of California public policy, and (iv) a claim for declaratory relief. (*Id.*) Plaintiff seeks an award of damages and injunctive relief. (*Id.*)

In her FAC, plaintiff alleges the following. Plaintiff Ayala was an employee of defendant Frito Lay between 2004 and 2015. (*Id.* at 2, ¶ 6.) During her employment, plaintiff worked in the dispatch office in the Traffic Center of Frito Lay's Modesto Facility between 2004 and 2014, and was on medical leave due to disability between 2014 and 2015. (*Id.* at 2–3, ¶¶ 6, 8.) Plaintiff is Mexican-American, and suffers from anxiety, depression, and post-traumatic stress disorder. (*Id.* at 5, 9, ¶¶ 18, 44.)

While employed by defendant, plaintiff filed a number of internal and external complaints regarding defendant's unlawful employment practices, and subsequently suffered adverse employment action. (*Id.* at 2–6.)

Between 2005 and 2010, plaintiff made repeated requests for unpaid wages related to on-call services and missed meal breaks. (*Id.* at 2–3, ¶¶ 7–9.) Defendant's Human Resource ("HR") department ultimately reviewed the issue and partially compensated her for the unpaid wages. (*Id.* at 3, ¶ 9.) However, plaintiff was given negative performance evaluations in retaliation for her requests for unpaid wages. (*Id.* at 3, ¶ 8.)

Beginning in July 2012, plaintiff also began submitting internal petitions for investigation of defendant's unlawful employment practices. (*Id.* at 3, ¶ 11.) Plaintiff alleged the following

2

issues in her petitions: deliberate false statements made by management in performance evaluations; failure to pay full wages owed; discrimination by management; inappropriate and racially-based comments by coworkers in the workplace; and a lack of air conditioning in the dispatch office. (*Id.* at 3–5, ¶¶ 11, 15–16.) Defendant did not open an investigation into any of these issues, despite plaintiff's petitions. (*Id.*)

In May 2013, plaintiff reported alleged driver health and safety violations by defendant to the Occupational Safety and Health Administration ("OSHA"). (*Id.* at 4, ¶ 13.) An OSHA investigation began, which included an investigation into a recent fuel spill at defendant's Manteca Distribution Center. (*Id.*) However, no final response or report was released. (*Id.*) In retaliation for plaintiff's OSHA complaint, defendant changed the job responsibilities of dispatch employees working plaintiff's shift, thereby increasing plaintiff's work duties. (*Id.* at 4, ¶ 14.)

In July 2014, plaintiff requested and was denied transfer to a different shift, despite a male employee being granted a shift transfer. (*Id.* at 5, ¶¶ 16–17.) During the same month, plaintiff requested medical leave due to disability and was granted twelve months of leave. (*Id.* at 5–6, ¶¶ 18, 26.) However, a male employee was granted eighteen months of leave after making the same request. (*Id.*)

In February 2015, defendant began advertising that it was hiring a new employee to fill plaintiff's position. (*Id.* at 6, ¶ 24.) In May 2015, defendant's HR department notified plaintiff that her same-job protection had expired. (*Id.*) The HR department asked plaintiff whether reasonable accommodation could be provided, and requested that her doctor complete any requests for accommodation. (*Id.*) The department also told plaintiff that "as an accommodation, we have held your position open for you." (*Id.*) Plaintiff's doctor subsequently submitted documentation to defendant listing plaintiff's work restrictions and concluding that plaintiff "can perform job tasks, 'but not in the same hostile environment.'" (*Id.* at 6, ¶ 25.)

In May 2015, plaintiff made a complaint to the Labor Commissioner relating to defendant's failure to provide employee rest breaks. (*Id.* at 6, 38.) On January 13, 2016, that complaint was dismissed after defendant provided full payment of plaintiff's claims. (*Id.* at 6, 41.) In June 2015, in retaliation for plaintiff having lodged complaints with the Labor

Commissioner, defendant's leave vendor coerced a nurse practitioner working with plaintiff's doctors to state that plaintiff could return to work. (*Id.* at 6, ¶ 23.) Defendant then denied plaintiff long-term disability. (*Id.*)

On July 24, 2015, plaintiff was terminated from her position.[1] (*Id.* at 6, ¶ 27.) Her termination occurred without justification, and in retaliation for her complaints of discrimination and violations of California employment law. (*Id.* at 7, 30, ¶¶ 30, 146.) Plaintiff did not receive all wages owed upon her discharge. (*Id.* at 2–3, ¶¶ 7, 9.)

Plaintiff alleges that she exhausted her administrative remedies before the Department of Fair Employment and Housing ("DFEH") and Equal Employment Opportunity Commission ("EEOC") before initiating this action against defendant. (*Id.* at 7, ¶ 31.) Two DFEH right-to-sue letters from September 2015 and December 2015 are attached to plaintiff's FAC as exhibits. (*Id.* at 64–65.)

On February 13, 2017, defendant Frito Lay filed a motion to dismiss plaintiff's FAC, as well as a motion to strike certain portions of the FAC. (Doc. No. 9–10.) Plaintiff filed an opposition to the motions on April 4, 2017, together with a motion seeking leave to amend. (Doc. Nos. 12–13.) Defendant filed a reply on April 11, 2017. (Doc. No. 15.)

## LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss brought pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a)

---

[1] In her FAC, plaintiff initially alleges that she was terminated on July 23, 2015, (Doc. No. 8 at 2, ¶ 6), and later alleges that termination occurred on July 24, 2015, (*Id.* at 6, ¶ 27). In her opposition to the pending motions, plaintiff asserts that her termination occurred July 24, 2015. (Doc. No. 13 at 6, 12.) The court construes the FAC as alleging that plaintiff was terminated on July 24, 2015.

does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). It is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**B.       Motion to Strike Pursuant to Rule 12(f)**

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike from a complaint "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded[, and] [i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation omitted), rev'd on other grounds by 510 U.S. 517 (2004).

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, motions to strike are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citation and quotation marks omitted); *see also Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003) ("Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic"). Whether to grant a motion to strike is within the sound discretion of the

5

court, but the court must view the pleading in a light most favorable to the non-moving party and resolve any doubt as to the relevance of the challenged allegations in favor of the non-moving party. *See In re 2TheMart.com, Inc. v. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

## ANALYSIS

### A.      Motion to Dismiss

Defendant moves to dismiss plaintiff's FAC on the following grounds: (i) plaintiff has not exhausted her administrative remedies with respect to claims other than those based on sex discrimination and sexual harassment, and any unexhausted claims are time-barred; and (ii) plaintiff's FEHA and California Labor Code claims do not satisfy federal pleading standards. (Doc. No. 9-1.)  Defendant also requests that the court take judicial notice of plaintiff's charges filed with the DFEH attached as exhibits to the motion to dismiss.  (Doc. No. 9-2.)  The court will address defendant's request for judicial notice before turning to the arguments made by defendant in its motion to dismiss.

####       1.   Request for Judicial Notice

Defendant asks the court to take judicial notice of the following: (i) plaintiff's January 10, 2015 charge of employment discrimination filed with the California DFEH against defendant; and (ii) plaintiff's concurrent January 21, 2015 complaint against defendant filed with the EEOC. (Doc. No. 9-2.)  These documents constitute "matters of public record" that may be judicially noticed.  *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007); *see also Adetuyi v. City and County of San Francisco*, 63 F. Supp. 3d 1073, 1080 (N.D. Cal. 2014) (taking judicial notice of plaintiff's charges filed with the DFEH, EEOC as well as DFEH letters indicating receipt of the charges, and the DFEH right-to-sue letter).  Accordingly, the court grants defendant's request for judicial notice.  The court additionally takes judicial notice of plaintiff's September 2, 2015 charge of discrimination filed with the DFEH against various employees of defendant, which is attached as an exhibit to plaintiff's opposition to the pending motions.  (Doc. No. 14 at 2, 8–17.)

/////

/////

6

2. <u>Exhaustion of Administrative Remedies</u>

Defendant moves to dismiss the FAC's FEHA claims based on unlawful race and disability discrimination, failure to accommodate, and failure to engage in the interactive process, on the basis that plaintiff did not exhaust her administrative remedies prior to bringing these claims.

In order to be entitled to file a civil action in court based on FEHA violations, an employee must first exhaust administrative remedies. *See Blum v. Superior Court*, 141 Cal. App. 4th 418, 422 (2006). An employee exhausts administrative remedies by filing a complaint with the DFEH within one year of the occurrence of the allegedly unlawful act, and obtaining a notice of the right to sue from the Department. *Blum*, 141 Cal. App. 4th at 422 (citing *Medix Ambulance Serv., Inc. v. Superior Court*, 97 Cal. App. 4th 109, 116 (2002); *see also Rao v. Amerisource Bergen Corp.*, No. CIV S–08–1527 DAD PS, 2010 WL 3767997, at *9 (E.D. Cal. Sept. 22, 2010) ("The timely filing of an administrative complaint is a prerequisite to the bringing of a civil action for damages under the FEHA."). It is the plaintiff's burden to plead and prove timely exhaustion of administrative remedies. *See Kim v. Konad USA Distribution, Inc.*, 226 Cal. App. 4th 1336, 1345 (2014) (citing *Garcia v. Los Banos Unified School Dist.*, 418 F.Supp.2d 1194, 1215 (E.D. Cal. 2006)).

"Under the FEHA, the scope of the DFEH complaint defines the scope of the subsequent civil action." *Keever v. Mediation Ctr. of San Joaquin*, No. 2:13–cv–00029–KJM–KJN, 2015 WL 75194, at *6 (E.D. Cal. Jan. 6, 2015). Thus, "[a]llegations in the civil complaint that fall outside of the scope of the administrative charge are barred for failure to exhaust." *Rodriguez v. Airborne Express*, 265 F.3d 890, 897 (9th Cir. 2001); *see also Soldinger v. Northwest Airlines, Inc.*, 51 Cal. App. 4th 345, 381 (1996). However, a plaintiff may bring a civil action based on conduct not specifically included in a DFEH complaint if it is "like or reasonably related" to the allegations in the administrative complaint, or "can reasonably be expected to grow out of an administrative investigation." *Leland v. City and County of San Francisco*, 576 F. Supp. 2d 1079, 1091 (N.D. Cal. Sept. 2, 2008); *Okoli v. Lockheed Tech. Operations Co.*, 36 Cal. App. 4th 1607, 1615 (1995).

There is not clear guidance from California courts as to whether and under what circumstances a plaintiff may bring FEHA claims against a party not specifically named in a DFEH complaint. California Government Code § 12960 generally sets forth procedures that employees are to use when filing DFEH complaints. Cal. Gov't Code § 12960. That provision states that employees may "file with the department a verified complaint in writing which shall state the name and address of the person, employer, labor organization or employment agency alleged to have committed the unlawful practice." *Id.* Moreover, California appellate courts have interpreted this provision as establishing that exhaustion is not satisfied unless a plaintiff's administrative charge provides defendant notice of the substance of plaintiff's claims. *See Medix Ambulance Service, Inc.*, 97 Cal. App. 4th at 117–118; *Cole v. Antelope Valley Union High School Dist.*, 47 Cal. App. 4th 1505, 1511 (1996); *Martin v. Fisher*, 11 Cal. App. 4th 118, 119–123 (1992); *Valdez v. City of Los Angeles*, 231 Cal. App. 3d 1043, 1060–1061 (1991). These courts also have concluded that a defendant does not receive adequate notice if it is not named in either the caption or the body of the administrative charge. *See generally Medix Ambulance Serv., Inc.*, 97 Cal. App. 4th at 116 ("None of these [California Court of Appeals] cases held that a harassment case may proceed against one not mentioned in the administrative complaint").

However, the California Court of Appeals has also held that a plaintiff can exhaust administrative remedies for claims against defendants not named in the caption of the administrative charge if those defendants are identified in the body of the charge. *See Martin*, 11 Cal. App. 4th at 119–123; *Saavedra v. Orange Cty. Consol. Transp. etc. Agency*, 11 Cal. App. 4th 824, 826–828 (1992). These appellate courts have reasoned that a party specifically named in the body of a charge should be on notice of plaintiff's claims and able to "anticipate they will be named as parties in any ensuing lawsuit." *Martin*, 11 Cal. App. 4th at 122.

In the pending motion to dismiss, defendant argues that plaintiff's FEHA claims based on unlawful race and disability discrimination, failure to accommodate, and failure to engage in the interactive process,[2] are subject to dismissal on the grounds that plaintiff failed to exhaust her

---

[2] Plaintiff identifies these claims in her FAC as the second, fifth, sixth, and seventh causes of action. (Doc. No. 8.)

administrative remedies prior to initiating this action as required.  (Doc. No. 9-1 at 15–21.)
Defendant acknowledges that plaintiff filed charges with the DFEH in January and September of
2015.  (*Id.*)  However, defendant contends that plaintiff's January 2015 administrative charge
only alleged sex discrimination and harassment, and did not allege facts supporting claims for
race or disability-based discrimination.  (*Id.*)  With respect to the September 2015 administrative
charge, defendant recognizes that plaintiff alleged facts pertaining to discrimination on the basis
of race and disability, but argues that the charge did not specifically name defendant Frito Lay as
a respondent.  (*Id.* at 18–19.)

      In her opposition, plaintiff argues that she has satisfied exhaustion requirements with
respect to her FEHA claims, because the body of her September 2015 DFEH complaint identified
respondents as employees of defendant, putting defendant on notice of her claims of race
discrimination, disability discrimination, and retaliation.  (Doc. No. 13 at 14–15.)  In the
alternative, plaintiff argues that her prior DFEH charge of January 2015 satisfied exhaustion
requirements, because defendant's race and disability discrimination claim would necessarily
have been discovered during investigation of her sex discrimination charge.  (Doc. No. 13 at 12–
13.)

      The court first considers whether plaintiff may bring claims based on conduct described in
her September 2015 administrative charge.  Plaintiff alleges in her FAC that she filed two
separate charges with the DFEH in January and September 2015 prior to bringing suit against
defendant.  (Doc. Nos. 8 at 7, ¶ 31; 13 at 8–17.)  The September 2015 administrative charge
identifies fourteen different individual respondents and does not list defendant Frito Lay as a co-
respondent.  (Doc. No. 14 at 14.)  However, the document does specifically describe respondents
as employees of Frito Lay and provides the location of the Frito-Lay Modesto Facility as an
address for respondents.  (*Id.*)  The body of that complaint also references defendant Frito Lay
multiple times.  (*Id.* at 12–13.)  Finally, the right-to-sue letter issued by the DFEH in response to
plaintiff's September 2015 complaint, attached as an exhibit to plaintiff's FAC, describes the

/////

/////

respondents as employees of defendant Frito Lay.[3]  (Doc. No. 8 at 7, 62–63, ¶ 31.)  Together,

both the complaint and the DFEH right-to-sue letter were sufficient to provide defendant Frito

Lay with notice of the substance of plaintiff's allegations.  *See Martin*, 11 Cal. App. 4th at 122

("The function of an administrative complaint is to provide the basis for an investigation into an

employee's claim of discrimination against an employer, and not to limit access to the courts.  A

strict rule would harm victims of discrimination without providing legitimate protection to

individuals who are made aware of the charges through the administrative proceeding.").

Accordingly, this court concludes that plaintiff's failure to specifically identify defendant in the

caption of her September 2015 administrative charge does not bar her from pursuing claims

against defendant based on allegations in that charge.

        The court next examines whether plaintiff's DFEH charges adequately exhausted

administrative remedies with respect to the FEHA claims alleged in the FAC.  In the January

2015 administrative charge, plaintiff asserted that between July 2013 and July 2014 she

experienced "work environment harassment of a verbal nature in the form of sexual comments

and innuendos"; was forced to transfer work shifts as a result of harassing conduct; and was

denied a later request to transfer shifts due to sex discrimination.  (Doc. No. 14 at 4.)  In the

September 2015 charge, plaintiff alleged that she was "Denied a good faith interactive process,

Denied a work environment free of discrimination and/or retaliation," and "Denied reasonable

accommodation," due to her "Disability, Engagement in Protected Activity, Medical Condition, .

. . [and] Sex." (Doc. No. 14 at 12–13.)  The September 2015 charge also alleged that defendant's

employees made "sexual, racial, age statements" to plaintiff in the workplace, and retaliated

against her for protesting unlawful working conditions by subjecting her to false negative

employee evaluation reports, a change in work duties, and ultimately, termination.  (*Id.* at 15–16.)

Because the factual allegations of the administrative charge are like or reasonably related to

plaintiff's FEHA claims for unlawful race discrimination, unlawful disability discrimination,

failure to accommodate, and refusal to engage in the interactive process as presented in her FAC,

---

[3]  The DFEH right-to-sue letter prefaces the names of respondents with the names of their
employer, e.g., "Frito Lay Jessica Finley," "Frito Lay Jessica Chen," etc.  (Doc. No. 8 at 63.)

the court concludes that plaintiff has exhausted her administrative remedies as required under FEHA with respect to those claims. *See Leland*, 576 F. Supp. 2d at 1091 ("Because the factual allegations in the administrative charge are like or reasonably related to claims for hostile work environment, retaliation, and disparate treatment [although the charge did "not invoke magic words"], and such claims could be reasonably expected to grow out of an investigation based on the facts alleged, the court concludes that Leland has exhausted her administrative remedies as required under Title VII and FEHA.").

Accordingly, defendant's motion to dismiss plaintiff's FEHA claims for unlawful race discrimination, unlawful disability discrimination, failure to accommodate, and refusal to engage in the interactive process for failure to exhaust administrative remedies will be denied.

### 3. Pleading Adequacy

Defendant also argues that plaintiff's claims under the FEHA and the California Labor Code fail under federal pleading standards. The court considers defendant's arguments with respect to each of plaintiff's claims, below.

#### i. *FEHA Discrimination Claims*

Defendant first moves to dismiss plaintiff's FEHA claims for discrimination on the basis of sex, race, and disability, and for failure to prevent discrimination.

Under the FEHA, it is unlawful for an employer "to discriminate against [a] person in compensation or in terms, conditions, or privileges of employment" because of a person's race, gender, or physical disability. Cal. Gov. Code § 12940(a). To state a prima facie case of discrimination under the FEHA, a plaintiff must allege and ultimately show that: (i) she was a member of a protected class; (ii) she was qualified for the position she sought or was performing competently in the position she held; (iii) she suffered an adverse employment action; and (iv) the employer acted with a discriminatory motive. *See Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013); *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 355 (2000).

An "adverse employment action" must be both substantial and detrimental, and conduct that is minor or trivial is insufficient to meet this standard. *See Horsford v. Bd. of Tr. of Cal. State Univ.*, 132 Cal. App. 4th 359 (2005). Adverse employment actions can include termination,

demotion, failing to promote, denial of an available job, adverse job assignments, official discipline, and significant changes in compensation or benefits. *See Roby v. McKesson Corp.*, 47 Cal. 4th 686, 706 (2009); *Guz*, 24 Cal. 4th at 355; *Thomas v. Dep't of Corrs.*, 77 Cal. App. 4th 507, 511 (2000). Plaintiff can demonstrate an employer's discriminatory motive through direct evidence, or by offering "circumstantial evidence of discrimination that tends to show that the employer's proffered motives were not the actual motives because they are inconsistent or otherwise not believable." *Achal v. Gate Gourmet*, 114 F. Supp. 3d 781, 801 (N.D. Cal. July 14, 2015); *see also Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221–22 (9th Cir. 1998).

Under the FEHA, it is also prohibited for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring in the workplace." Cal. Gov't Code § 12940(k). To state a prima facie case of failure to prevent discrimination or harassment, a plaintiff must allege and show that (i) plaintiff was subjected to discrimination, harassment or retaliation, (ii) which defendant failed to take all reasonable steps prevent, and (iii) which caused plaintiff harm. *See Leland*, 576 F. Supp. 2d at 1103; *see also Achal*, 114 F. Supp. 3d at 804 (citing *Trujillo v. N. Cty. Transit Dist.*, 63 Cal. App. 4th 280, 289 (1998)) ("No liability can arise for failing to take necessary steps to prevent discrimination, however, except where discriminatory conduct actually took place and was not prevented." ). Examples of reasonable steps employers may take to prevent discrimination include promptly investigating the discrimination claim, developing appropriate sanctions, and implementation of effective procedures to handle discrimination-related complaints. Cal. Code Regs. § 11019(b); *Achal*, 114 F. Sup. 3d at 804; *Cal. Fair Emp't and Hous. Comm'n v. Gemini Aluminum Corp.*, 122 Cal. App. 4th 1004, 1024–25 (2004).

Here, defendant contends that plaintiff's FEHA claims based on discrimination and failure to prevent discrimination fail because plaintiff does not allege an adverse employment action, discriminatory animus, or a causal link between any intent to discriminate and an adverse employment action. (Doc. No. 9-2 at 22–23.) Defendant does not separately address plaintiff's failure to prevent discrimination claim, but appears to argue that this claim is subject to dismissal because plaintiff has failed to plead any underlying discrimination. (*See id.* at 22) (stating that

"Plaintiff's Allegations are Insufficient to Support any FEHA Claim").  Plaintiff argues in her opposition to the pending motions that the FAC adequately alleges all elements of her discrimination claims under FEHA.  (Doc. No. 13 at 9–11.)

In her FAC, plaintiff alleges that she experienced the following adverse actions as an employee of defendant: receipt of false, negative work performance reports, (Doc. No. 8 at 3, ¶ 8); denial of a request to transfer work shifts, (*Id.* at 5, ¶ 16); denial of long-term disability benefits, (*Id.* at 5–6, ¶¶ 18, 23, 26); and ultimately termination, (*Id.* at 6, ¶ 27).  The court finds that these allegations are sufficient to allege adverse employment action for purposes of the FEHA discrimination claim.  *See Lewis v. United Parcel Serv., Inc.*, No. 05–cv–02820 WHA, 2005 WL 2596448, at *2 (N.D. Cal. Oct. 13, 2005), aff'd, 252 Fed. Appx. 806 (9th Cir. 2007) ("Under California law, an adverse employment action may be an ultimate employment action such as termination or demotion.  It may also be anything else that is reasonably likely to adversely and materially affect an employees's [sic] job performance or opportunity for advancement in his or her career.").

Plaintiff's FAC also alleges discriminatory animus on the basis of race and sex.  In this regard, the FAC states that while plaintiff was employed with defendant, her coworkers made the following sexual and racial comments: "I thought it was role-play gone bad"; "they must have found that guy in front of the Home Depot, you know where all the Mexicans hang looking for work"; "pull over and sell cookies on the side of the road like the guys that sell oranges"; "let me go get you your own rubber"; and "a man's reference to wearing steel boots to put his foot up a woman's behind."  (Doc. No. 8 at 4, ¶ 15.)  The FAC also alleges that plaintiff was treated differently than her male coworkers—in particular, that she requested and was denied a transfer to a different shift while a male employee was permitted a shift transfer under similar circumstances, and that she was granted twelve months of medical leave while a male employee was granted eighteen months of leave after making the same request.  (*Id.* at 5, ¶¶ 16–17.)  These allegations are sufficient to plead that defendant acted with intent to discriminate on the basis of race and sex.  *See Achal*, 114 F. Supp. 3d at 801 ("Applying California law, the Ninth Circuit has held that a mere comment suggesting the existence of bias can be direct evidence of discriminatory

animus[.]"); *De Los Santos v. Panda Exp., Inc.*, No. 10–cv–01370 SBA, 2010 WL 4971761, at *8 (N.D. Cal. Dec. 3, 2010) (finding that allegations that a manager made racially stereotyping comments were "sufficient to provide Defendants with fair notice of the claims being alleged against them."); *see also Hernandez v. MidPen Housing Corp.*, No. 13–cv–05983 NC, 2014 WL 2040144, at *3 (N.D. Cal. May 16, 2014) (same).

Accordingly, the court concludes that plaintiff has adequately pled claims of sex and race discrimination, and failure to prevent such discrimination, under FEHA. Therefore, defendant's motion to dismiss those claims will be denied.

However, plaintiff does not allege facts in her FAC that support defendant's intent to discriminate on the basis of disability. The FAC alleges that plaintiff went on medical leave in July 17, 2014, due to her disability—anxiety, depression, and post-traumatic stress disorder. (*Id.* at 5, 9, ¶¶ 18, 44.) The FAC does not allege that any of the claimed adverse employment actions were linked to disability-related discriminatory animus on the part of defendant. Rather, plaintiff alleges merely that "owing to her disability . . . Defendants treated Plaintiff detrimentally." (*Id.* at 16, ¶ 75.) However, this is a conclusion rather than an allegation of fact. *See Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (citing *Iqbal*, 556 U.S. at 679) ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."). Without alleging additional facts supporting the existence of direct or circumstantial evidence of discriminatory motive, plaintiff cannot adequately plead her FEHA claims for disability discrimination or for failure to prevent disability discrimination. *Id.* Defendant's motion to dismiss these claims will therefore be granted, with plaintiff being granted leave to amend.

ii.  *FEHA Failure to Accommodate Claim*

Under the FEHA, an employer must "make reasonable accommodation for the known physical or mental disability" of an employee. Cal. Gov't Code § 12940(m)(1). The elements of a failure to accommodate claim are: (i) the plaintiff has a disability under the FEHA; (ii) the plaintiff is qualified to perform the essential functions of the position; and (iii) the employer

/////

14

failed to reasonably accommodate the plaintiff's disability.[4] *Lui v. City & County of San Francisco*, 211 Cal. App. 4th 962, 971 (2012) (quoting *Scotch v. Art Inst. of Cal.*, 173 Cal. App. 4th 986, 1009–10 (2009)); *see also Shanks v. Labs.*, No. 5:15-cv-01151-EJD, 2016 WL 3940923, at *7 (N.D. Cal. July 21, 2016).

A reasonable accommodation is "a modification or adjustment to the workplace that enables the employee to perform the essential functions of the job held or desired." *Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*, 166 Cal. App. 4th 952, 974 (2008)); *see also Taylor v. Trees, Inc.*, 58 F.Supp.3d 1092, 1111 (E.D. Cal. 2014); *Prilliman v. United Air Lines, Inc.*, 53 Cal. App. 4th 935, 954 (1997) ("Ordinarily, the reasonableness of an accommodation is an issue for the jury.") (quoting *Schmidt v. Safeway, Inc.*, 864 F. Supp. 991, 997 (D. Or. 1994)). However, a defendant may only be liable for failing to reasonably accommodate a plaintiff's disability if aware of the disability. *See King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 443 (2007).

In the pending motion to dismiss, defendant argues that plaintiff's FEHA claim for failure to accommodate should be dismissed because plaintiff has not alleged it was possible for her to perform the essential duties of her position with or without reasonable accommodation. (Doc. No. 9-1 at 25–26.) Defendant also contends that, under the allegations of the FAC, defendant properly provided plaintiff with accommodation for her disability by granting her medical leave. (*Id.* at 26.) In her opposition to the pending motion, plaintiff argues that the FAC adequately alleges facts supporting her FEHA failure to accommodate claim. (Doc. No. 11.)

In her FAC plaintiff alleges that she suffers from a disability because of her anxiety, depression, and post-traumatic stress disorder. (*Id.* at 5, 9 ¶¶ 18, 44.) Though the FAC does not specifically identify the essential duties of the position she held with defendant, plaintiff alleges in the FAC that she "did competently perform her duties." (*Id.* at 7, ¶ 34.) Plaintiff also alleges that management "sent note cards to the Plaintiff's home praising the Plaintiff's work performance" prior to 2012, and that her doctor concluded she "can perform job tasks" if "not in

---

[4]  A FEHA claim for failure to accommodate differs from a FEHA discrimination claim in that a plaintiff need not allege and demonstrate an adverse employment action, nor make any showing of a causal nexus between the disability and adverse employment action. *See Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 255–56 (2000); *see also Achal*, 114 F. Supp. 3d at 799.

[a] hostile environment." (*Id.* at 3, 6, 10, ¶¶ 8, 25, 45.)  These allegations are sufficient at this stage of the litigation to allege plaintiff was capable of performing the essential duties of her position with reasonable accommodation.  *See Achal*, 114 F. Supp. 3d at 799 (finding that, because plaintiff had alleged that he performed "in good standing" and that there was "never any question" as to his job performance, "[t]he Court can infer . . . that [plaintiff] was capable of performing the essential duties of his position with reasonable accommodation").

The FAC also alleges that plaintiff requested medical leave from defendant in July 2014. (Doc. No. 8 at 6, ¶ 26.)  Plaintiff has therefore adequately pled that defendant was aware of her disability and her need for accommodation.  *See Brown v. Lucky Stores*, 246 F.3d 1182, 1188 (9th Cir. 2001) (explaining that an employee is generally responsible for requesting an accommodation for her disability, unless an employer recognizes that an employee has a need for an accommodation); *see also Achal*, 114 F. Supp. 3d at 799 ("Once aware, the employer has an affirmative duty to reasonably accommodate, which is not extinguished by one effort.").

Finally, plaintiff alleges that defendant did not provide certain accommodations for her disability, such as granting her long-term disability benefits (Doc. No. 8 at 6, ¶ 23), or keeping her job open for her while she was on medical leave (*Id.* at 6, ¶ 24).  These allegations are sufficient to plead the refusal of reasonable accommodation.  *See Alejandro v. ST Micro Elecs., Inc.*, 129 F. Supp. 3d 898, 911 (N.D. Cal. 2015) ("Plaintiff alleges that Defendant did not permit Plaintiff to return to work after his absence, . . . [and] therefore alleges that Defendant failed to make reasonable accommodation for his disability"); *Graves v. Pau Hana Grp., LLC*, No. 2:13–CV–01278–JAM–EFB, 2013 WL 6000986, at *6 (E.D. Cal. Nov. 12, 2013) (finding that allegations of defendant's failure to change plaintiff's work schedules was sufficient to plead refusal of reasonable accommodation); *see generally A.M. v. Albertsons, LLC*, 178 Cal. App. 4th 455, 465 (2009) (noting that a defendant may be held liable for even a single failure to accommodate).

Defendant's motion to dismiss will be denied as to plaintiff's failure to accommodate claim brought under FEHA.

/////

16

### iii. *FEHA Refusal to Engage in the Interactive Process Claim*

Defendant moves to dismiss plaintiff's FEHA claim for failure to engage in the interactive process.

Under the FEHA, it is unlawful for an employer to "fail to engage in a timely, good faith, interactive process with the employee . . . to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee [with a disability]." Cal. Gov. Code § 12940(n). The duty to engage in the interactive process is triggered once an employer "becomes aware of the need to consider an accommodation." *Scotch*, 173 Cal. App. 4th at 1013; *see also Nadaf-Rahrov*, 166 Cal. App. 4th at 974 (observing that the employer need not affirmatively request a specific accommodation to prompt the duty to engage in the interactive process). Once this duty is triggered, the FEHA requires that the employer engage in an informal process with the employee to attempt to identify a reasonable accommodation that would allow her to perform the job effectively. *See Scotch*, 173 Cal. App. 4th at 1013 (observing that "[r]itualized discussions are not necessary"); *Wilson v. County of Orange*, 169 Cal. App. 4th 1185, 1195 (2009).

Defendant moves to dismiss plaintiff's FEHA claim for failure to engage in the interactive process on the basis that the factual allegations of plaintiff's FAC are insufficient to support this claim. (Doc. No. 9-1 at 25–26.)

As noted above, plaintiff has pled in her FAC that she suffers from a disability, and that she made defendant aware of her disability in July 2014 by applying for medical leave. (Doc. No. 8 at 6, ¶ 2). The FAC also contains allegations that defendant failed to engage in any interactive process to determine whether plaintiff should be given accommodations for her disability. Specifically, in the FAC, plaintiff alleges that defendant denied her long-term disability and failed to keep plaintiff's position open for her without following any form of informal or formal procedure. These allegations are sufficient to plead failure to engage in the interactive process under the FEHA. *See Alejandro*, 129 F. Supp. 3d at 912 ("So long as the employee is disabled and qualified to perform his job duties, the employer has an affirmative duty 'to explore further methods of accommodation before terminating [the employee].'" (citing *Humphrey v. Memorial*

17

*Hosps. Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001)); *Ducre v. Veolia Transp.*, No. CV 10–02358 MMM (AJWx), 2011 WL 13046882, at *23 (C.D. Cal. Mar. 29, 2011) (denying defendant's motion for summary judgment because, "resolving all factual disputes in [plaintiff's] favor, there is evidence that she requested an accommodation . . . which [defendant] denied without substantive discussion with her"); *see also Rizzo v. Work World Am., Inc.*, No. 2:14–cv–02225–TLN–DAD, 2015 WL 5601352, at *9 (E.D. Cal. Sept. 22, 2015) ("Because Plaintiff alleges sufficient facts to indicate that she made Defendant aware of her disability and need for accommodation, Defendant's motion to dismiss . . . is denied."). Defendant's motion to dismiss this claim will be denied.

iv. *FEHA Harassment and Failure to Prevent Harassment Claims*

To establish a prima facie claim for harassment and hostile work environment under the FEHA, a plaintiff must allege and demonstrate that: (i) she is a member of a protected group; (ii) she was subjected to harassment because she belonged to this group; and (iii) the alleged harassment was so severe or pervasive that it created a hostile work environment. *See Lawler*, 704 F.3d at 1244; *Hughes v. Pair*, 46 Cal. 4th 1035, 1043 (2009); *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 279 (2006). To create a "hostile work environment," sexually objectionable conduct "must be both objectively and subjectively offensive." *Hughes*, 46 Cal. 4th at 1044. To meet this standard, plaintiff must be "subjected to sexual advances, conduct, or comments that were severe enough, or sufficiently pervasive to alter the conditions of her employment." *Lyle*, 38 Cal. 4th at 278; *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 130–31 (1999); *see also Rubadeau v. M.A. Mortenson Co.*, No. 1:13–CV–339 AWI JLT, 2013 WL 3356883, at *6 (E.D. Cal. July 3, 2013). Courts consider the totality of the circumstances in evaluating whether a hostile work environment exists, including "the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Miller v. Dep't of Corrs.*, 36 Cal. 4th 446, 462 (2005).

Defendant contends in its motion to dismiss that plaintiff's harassment claims brought under the FEHA fail because the FAC does not allege that plaintiff was subjected to unwelcome

verbal or physical conduct that was severe or pervasive, or that she was subjected to any such conduct because of her membership in a protected group.  (Doc. No. 9-2 at 22–23.)

In her FAC, plaintiff alleges generally that she "experience[d] sexual harassment."  (Doc. No. 8 at 5, ¶ 16.)  She also alleges that coworkers  and managers made offensive statements of a sexual nature, including the following: "I thought it was role-play gone bad"; "let me go get you your own rubber"; and "a man's reference to wearing steel boots to put his foot up a woman's behind."  (*Id.* at 4, ¶ 15.)  However, these isolated statements do not reach the level of severity required to form the basis of a cognizable harassment claim under the FEHA.  *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment'" in the context of a Title VII suit. (internal citations omitted)); *Lee v. Eden Med. Ctr.*, 690 F. Supp. 2d 1011, 1025 (N.D. Cal. 2010) ("[Plaintiff] alleges stray remarks and offhand comments which do not rise to the level of a hostile work environment.").  Plaintiff does not allege that any offensive statements were made repeatedly, that they were directed towards her, or that they interfered with her work performance.  *See Tillery v. Lollis*, No. 1:14-cv-02025-KJM-BAM, 2015 WL 4873111, at *11–12 (E.D. Cal. Aug. 13, 2015) (dismissing plaintiff's FEHA claim for harassment because "plaintiff does not allege any sexual advances, conduct, or comments directed towards him"); *Rubadeau v. M.A. Mortenson Co.*, No. 1:13-CV-339 AWI JLT, 2013 WL 3356883, at *8 (E.D. Cal. July 3, 2013) ("Simply alleging that general conduct was severe, without an indication of frequency or a description of the conduct, is too conclusory."); *cf. Deering v. Lassen Cmty. Coll. Dist.*, No. 2:07-CV-01521 JAM DAD, 2008 WL 4570339, at *6 (E.D. Cal. Oct. 14, 2008) ("[T]he allegations in the [complaint] are sufficient to avoid dismissal insofar as [plaintiff] alleges that she was subjected to a continuous course of conduct, including unwelcome intimidation, ridicule, insult, and punishment based on her gender, and that such conduct altered the conditions of her employment.").

The court concludes that plaintiff has not alleged harassment severe or pervasive enough to "alter the conditions of her employment," and that defendant's motion to dismiss this claim must therefore be granted.  *Lyle*, 38 Cal. 4th at 283 ("With respect to the pervasiveness of

harassment, courts have held an employee generally cannot recover for harassment that is occasional, isolated, sporadic, or trivial; rather, the employee must show a concerted pattern of harassment of a repeated, routine, or a generalized nature.")

###### v. *FEHA Retaliation Claim*

To establish a prima facie case of FEHA retaliation, a plaintiff must allege and show: (i) that she engaged in a protected activity; (ii) the employer subjected her to an adverse employment action; and (iii) a causal link existed between her protected activity and the employer's action. *See Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011); *Poland v. Chertoff*, 494 F.3d 1174, 1180 (9th Cir. 2007); *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005) (citing *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 814–15 (1999)); *see also Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 354 (2000) ("Because of the similarity between state and federal employment discrimination laws, California courts look to pertinent federal precedent when applying our own statutes.").

A plaintiff engages in protected activity if she opposes unlawful employment practices, when that opposition is based on a "reasonable belief" that the employer's actions are unlawful. *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994) (quoting *EEOC v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1012 (9th Cir. 1983)); *see also Lavery-Petrash*, 2014 WL 334218, at *5. A plaintiff may establish a causal link between the alleged protected activity and the alleged adverse action by circumstantial evidence, including the employer's knowledge of the protected activity and the proximity in time between the protected action and the adverse employment act. *See Dawson*, 630 F.3d at 936; *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988); *see also Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 507 (9th Cir. 2000) ("[W]hen adverse decisions are taken within a reasonable period of time after complaints of discrimination have been made, retaliatory intent may be inferred.").

In the pending motion to dismiss, defendant argues that plaintiff's FEHA claims based on retaliation fail because the FAC does not allege adverse employment action or causation. (Doc. No. 9-2 at 22–25). As to the latter, defendant argues that the FAC does not specify that defendant

/////

was ever aware of plaintiff's internal or external complaints concerning allegedly unlawful

employment conditions. (Doc. No. 9-1 at 25.)

The court has already concluded that the FAC adequately alleges adverse employment

action. Plaintiff also alleges her engagement in protected activity, as the FAC asserts that

plaintiff filed a number of internal complaints opposing unlawful discrimination on the basis of

sex and race between July 2012 and July 2014, and that she submitted a DFEH charge in January

2015, (Doc. No. 8 at 3–5, 62–65, ¶¶ 11, 13–16). *See Passantino*, 212 F.3d at 506 (plaintiff's

"informal complaints" to management about unlawful discrimination constituted protected

activity); *see also Yanowitz*, 36 Cal. 4th at 1047 (explaining that under the FEHA, an employee's

opposition to unlawful practices must be sufficient to "put an employer on notice as to what

conduct it should investigate").

Finally, plaintiff has alleged proximity in time between her participation in protected

activities and the adverse employment action. In particular, plaintiff alleges in her FAC that she

received negative performance evaluation reports after making requests for unpaid wages, (Doc.

No. 8 at 2–3, ¶¶ 7–9); that her job duties were modified in May 2013, soon after she reported

health and safety violations to OSHA, (*Id.* at 4, ¶¶ 13–14); that she was denied long-term

disability in June 2015, a month after making a complaint to the Labor Commissioner related to

defendant's failure to provide employee rest breaks, (*Id.* at 6, 38); and that she was terminated in

July 2015, two months after making her complaint to the Labor Commissioner, (*Id.* at 6, ¶ 27).

These allegations of temporal proximity are sufficient to plead a causal link between plaintiff's

engagement in protected activity and the adverse employment action. *See Hernandez*, 2014 WL

2040144, at *3 ("[T]emporal proximity between her protected activity and adverse employment

action is sufficient to allege a causal link between the two."); *see also Miller v. Fairchild Indus.,

Inc.*, 797 F.2d 727, 731–32 (9th Cir. 1986) (finding sufficient evidence of causation in a Title VII

case where adverse employment action occurred less than two months after the protected

activity); *cf. Manatt v. Bank of America*, 339 F.3d 792, 802 (9th Cir. 2003) (finding insufficient

evidence of causation in a § 1981 case existed where adverse employment action occurred nine

months after protected activity); *Greer v. Lockheed Martin Corp.*, 855 F. Supp. 2d 979, 987 (N.D.

Cal. 2012) (finding that plaintiff did not adequately allege causality in a FEHA discrimination claim because plaintiff did not engage in a protected activity until after she was laid off). As such, the court finds that plaintiff has adequately pled causation for purposes of her FEHA retaliation claim.

Accordingly, defendant's motion to dismiss the FEHA retaliation claim will be denied.

### vi. *Declaratory Relief Claim*

Defendant moves to dismiss plaintiff's claim for declaratory relief associated with her FEHA claims.

A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action. *See Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 708 (N.D. Cal. 2009); *StreamCast Networks, Inc. v. IBIS LLC*, No. C 05–04239, 2006 WL 5720345, at *4–5 (C.D. Cal. May 2, 2006). Declaratory relief should be denied when it will neither clarify or settle the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy that the parties face. *United States v. Washington*, 759 F.2d 1353, 1356–57 (9th Cir. 1985).

In its motion to dismiss, defendant argues that plaintiff's declaratory relief claim fails because plaintiff has not exhausted her administrative remedies with respect to her underlying FEHA claims, and because any FEHA claims are now time-barred. (Doc. No. 9-1 at 27.) As discussed in detail above, the court has declined to dismiss plaintiff's FEHA claims on exhaustion grounds. Accordingly, the court will also not dismiss plaintiff's declaratory relief claim on this basis. However, the declaratory relief that plaintiff seeks is "commensurate with the relief sought through her substantive claims." *Achal*, 114 F. Supp. 3d at 819 (dismissing plaintiff's declaratory relief claim after finding it duplicative of plaintiff's FEHA claims); *see also Baker v. Roman Catholic Archdiocese of San Diego*, No. 14cv0800 JM(JMA), 2015 WL 1344958, at *5 (S.D. Cal. Mar. 23, 2015) (same); *Zahabi v. Bank of Am., N.A.*, No. C 12-00014 RS, 2012 WL 12920749, at *7 (N.D. Cal. Oct. 25, 2012) (same); *see generally Lee v. City of Los Angeles*, 250 F.3d 668, 683 n.7 (9th Cir. 2001) (sua sponte dismissal of a claim under Federal Civil Procedure Rule 12(b)(6)

/////

1  appropriate under recognized circumstances).  Because the court concludes that plaintiff's claim

2  for declaratory relief is duplicative, it will be dismissed without leave to amend.

3              vii.  *Wrongful Termination Claim*

4       Defendant moves to dismiss plaintiff's wrongful termination claim.

5       As a matter of California common law, "when an employer's discharge of an employee

6  violates fundamental principles of public policy, the discharged employee may maintain a tort

7  action and recover damages traditionally available in such actions."  *Tameny v. Atl. Richfield Co.*,

8  27 Cal. 3d 167, 170 (1980); *see also Freund v. Nycomed Amersham*, 347 F.3d 752, 758 (9th Cir.

9  2003).  The public policy implicated must be "(1) delineated in either constitutional or statutory

10 provisions; (2) 'public' in the sense that it 'inures to the benefit of the public' rather than serving

11 merely the interests of the individual; (3) well established at the time of discharge; and

12 (4) substantial and fundamental."  *Freund*, 347 F.3d at 758 (quoting *City of Moorpark v. Superior

13 Court*, 18 Cal. 4th 1143, 1159 (1998)).

14      In the pending motion to dismiss, defendant argues that plaintiff's claim for wrongful

15 termination is derivative of her FEHA claims and fails for the same reasons articulated with

16 respect to those causes of action.  (Doc. No. 9 at 26–27.)  Plaintiff contests this argument in her

17 opposition, arguing that her wrongful termination claim survives defendant's motion to dismiss

18 because her FEHA claims satisfy federal pleading standards.  (Doc. No. 13 at 9–11.)

19      Having found that plaintiff has adequately pled her FEHA claims for discrimination and

20 retaliation, the court concludes that plaintiff may maintain derivative claims for wrongful

21 termination.  *See Hernandez*, 2014 WL 2040144, at *6 ("Because the Court denies the motion to

22 dismiss [plaintiff's FEHA retaliation claims], the claim for wrongful termination in violation of

23 public policy also survives."); *cf. Sneddon v. ABF Freight Syss.*, 489 F. Supp. 1124, 1131 (S.D.

24 Cal. 2007) (dismissing plaintiff's derivative cause of action for wrongful termination in violation

25 of public policy after concluding that plaintiff had failed to state a claim as to the underlying

26 FEHA discrimination claim).  Defendant's motion to dismiss plaintiff's wrongful termination

27 claim will therefore be denied.

28 /////

viii.  *California Labor Code §§ 201–203 Claims*

Defendant moves to dismiss plaintiff's claims brought under California Labor Code §§ 201–203 on statute of limitations grounds.

"[I]t is well-settled that statutes of limitations are affirmative defenses, not pleading requirements." *Wyatt v. Terhune*, 315 F.3d 1108, 1117–18 (9th Cir. 2003).  The defendant, therefore, bears the burden of proof as to each element of a statute of limitations based affirmative defense.  *See Tovar v. U.S.P.S.*, 3 F.3d 1271, 1284 (9th Cir. 1993).  Similarly, a plaintiff is not ordinarily required to plead around affirmative defenses.  *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993).  However, a "claim may be dismissed as untimely pursuant to a 12(b)(6) motion when the running of the statute of limitations is apparent on the face of the complaint." *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Induss., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (internal quotation omitted); *see also Ritchie v. United States*, 210 F. Supp. 2d 1120, 1123 (N.D. Cal. 2002) ("Where the facts and dates alleged in a complaint demonstrate that the complaint is barred by the statute of limitations, a Federal Rule of Civil Procedure 12(b)(6) motion should be granted.").

A three year statute of limitations applies to claims brought under California Labor Code §§ 201–203.  *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398 (2010) ("[A] single, three year limitations period govern[s] all actions for section 203 penalties"); *see also Vedachalam v. Tata Am. Int'l Crop.*, No C 06-0963 VRW, 2010 WL 11484815, at *7 (N.D. Cal. Feb. 4, 2010). Such claims typically accrue on the date wages become due.  *See Chang v. Biosuccess Biotech Co., Ltd.*, 76 F. Supp. 3d 1022, 1052 (C.D. Cal. Dec. 29, 2014).  If the claims involve work that is continuing, however, a separate and distinct cause of action will accrue on each payday.  *See Chang*, 76 F. Supp. 3d at 1052; *see also Cuadra v. Millan*, 17 Cal. 4th 855, 859 (1998), *disapproved of on other grounds by Samuels v. Mix*, 22 Cal. 4th 1 (1999).

In its pending motion to dismiss, defendant contends that plaintiff's claims under California Labor Code §§ 201–203 are time-barred because they are based on defendant's alleged failure to pay wages that became due more than three years before plaintiff filed her original complaint state court in September 2016.  (*Id.* at 27–28.)  Plaintiff acknowledges that a three year

statute of limitations applies to her claims under Labor Code §§ 201–203, but argues that those claims accrued on the date of her termination, in July 2015.  (Doc. No. 13 at 11–12.)

The court finds plaintiff's arguments unpersuasive.  In her FAC plaintiff specifically alleges that her claims under Labor Code §§ 201–203 relate to defendant's alleged failure to compensate for on-call services and missed meal breaks between 2005 and 2010.  (Doc. No. 8 at 2–3, 6, ¶¶ 7, 9, 27.)  However, plaintiff did not file her civil action in state court until September 1, 2016, far more than three years after wages associated with this work would have become due.  (Doc. No. 1.)  In light of the allegations of plaintiff's FAC it is clear that plaintiff's claims under Labor Code §§ 201–203 are time-barred under the applicable statute of limitations.  Defendant's motion to dismiss these claims will therefore be granted.

### ix.  *Labor Code §§ 98.6 and 98.7 Claims*

Under California Labor Code § 98.6, employers may not discharge or discriminate against an employee for engaging in certain activities, including "filing a complaint with the Labor Commissioner or testifying in such proceedings."  *Hollie v. Concentra Health Servs., Inc.*, C 10–5197 PJH, 2012 WL 993522, at *6 (N.D. Cal. Mar. 23, 2012) (citing Cal. Lab. Code § 98.6(a)).

Defendant moves to dismiss plaintiff's Labor Code §§ 98.6 and 98.7 claims, arguing that plaintiff's allegations of reporting "illegal activity" to government agencies are insufficient to support these claims.  (*Id.* at 29–30.)  Plaintiff argues that she had adequately pled claims under §§ 98.6 and 98.7.

In the FAC, plaintiff alleges that defendant violated California Labor Code §§ 98.6, 98.7 by retaliating against her for reporting defendant's unlawful practices to the California Labor Commissioner.  (Doc. No. 8 at 26, ¶¶ 122–131.)  In particular, plaintiff asserts that she reported defendant's allegedly illegal rest break policy to the Labor Commissioner in May 2015, and that as a result of these complaints, defendant subjected her to the following adverse employment action: increased job responsibilities, denial of a request to transfer work shifts, denial of long-term disability, and, finally, in July 2015 termination.  (*Id.* at 3–7, ¶¶ 8, 14, 16–17, 22, 27, 30.)  The court finds that these allegations to be sufficient to allege a cognizable violation of Labor Code §§ 98.6 and 98.7.  *See Hennighan v. Insphere Ins. Sols., Inc.*, No. 13–cv–00638–JST, 2013

WL 1758934, at *1 (N.D. Cal. Apr. 24, 2013) (finding that the plaintiff had adequately alleged a § 98.6 claim when defendant terminated his employment five months after he reported to the Labor Commissioner defendant's allegedly unlawful employment policies including failure to provide rest breaks); *cf. Wingand v. Harland Fin. Sols., Inc.*, No. C-11-3109 EMC, 2012 WL 3537035, at *6–7 (N.D. Cal. Aug. 14, 2012) (dismissing plaintiff's claim under § 98.6 because he "merely alleges that he complained of his employer's conduct within the company itself"). Accordingly, defendant's motion to dismiss plaintiff's claims brought under Labor Code §§ 98.6 and 98.7 will be denied.

### x.  *Labor Code § 1102.5 Claim*

California Labor Code § 1102.5 prohibits an employer from retaliating against an employee "for disclosing information to a government or law enforcement agency," if the employee reasonably believes this information relates to a violation of state or federal statutes or regulations.  Cal. Lab. Code § 1102.5(b); *see also Jadwin v. County of Kern*, 610 F. Supp. 2d 1129, 1152 (E.D. Cal. 2009) (citing *Mokler v. County of Orange*, 157 Cal. App. 4th 121, 138 (2007)); *Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1384 (2005).

In its motion to dismiss, defendant argues that a one year statute of limitations applies to plaintiff's claim under Labor Code § 1102.5, and that here the claim is time-barred.  (*Id.* at 29) (citing *Fenters v. Yosemite Chevron*, No. CV-F-05-1630 OWW/DLB, 2009 WL 4928362, at *7 (E.D. Cal. Dec. 14, 2009)).  In her opposition to the pending motion, plaintiff argues that the § 1102.5 claim is subject to a three year statute of limitations pursuant to California Civil Procedure Code § 338 and was timely brought.  (Doc. No. 13 at 7) (citing *Minor v. Fedex Office & Print Servs., Inc.*, 182 F. Supp. 3d 966, 988 (N.D. Cal. 2016) and *Liu v. Univ. of California Berkeley*, No. 15-cv-04958-PJH, 2017 WL 412639, at *8 (N.D. Cal. Jan 31. 2017)).  In reply, defendant contends that while the statute of limitations issue was conceded in the only case cited in its moving papers, other decisions support its position that such claims are governed by a one year statute of limitations.  (Doc. No. 15 at 18) (citing *Wilden v. County of Yuba*, Case No. , No. 2:11-cv-02246 (E.D. Cal. Mar. 2, 2012) and *Lori Delgado v. MillerCoors LLC,* No. CV 16-5241 DMG (ASx), 2017 WL 1130165, at *4–5 (C.D. Cal. Mar. 16, 2017)).

Section 1102.5 does not provide its own statute of limitations. *See* Cal. Lab. Code § 1102.5. In the absence of a specific limitations provision, the court looks to the statutes of limitations generally applicable under state law. *See generally Collection Bureau of San Jose v. Rumsey*, 24 Cal. 4th 301, 310 (2000) (explaining that specific limitations provision prevails over a more general provision); *Strother v. Cal. Coastal Comm'n*, 173 Cal. App. 4th 873, 879–89 (2009).

California law provides that a three year statute of limitations applies to "action[s] upon a liability created by statute, other than a penalty or forfeiture." Cal. Civ. Proc. Code § 338(a). However, a one year statute of limitations applies to "action[s] upon a statute for a penalty." Cal. Civ. Proc. Code § 340. Here, plaintiff brings a claim under Labor Code § 1102.5, which permits compensatory damages, punitive damages, and civil penalties. *See* Cal. Lab. Code §§ 1105, 1102.5(f); *Bloomer v. Serco Mgmt. Servs., Inc.*, No. EDCV 16-2651 JGB (RAOx), 2017 WL 721241, at *4 (C.D. Cal. Feb. 23, 2017). Nonetheless, it remains unclear under California law whether all claims brought pursuant to § 1102.5 are subject to a one-year statute of limitations rather than the three year limitations period.

The undersigned observes that there is apparently no published decision by a California court addressing this question. District courts within California have noted that courts addressing the issue have reached different conclusions. *See Minor*, 182 F. Supp. 3d at 988; *Somers v. Digital Realty Trust, Inc.*, No. C-14-5180 EMC, 2015 WL 4481987, at *3 (N.D. Cal. July 22, 2015). The district court in *Minor* concluded that "actions commenced under § 1102.5 must be brought within three years" unless "the suit seeks the civil penalty provided in § 1102.5(f), in which case "the claim is subject to a one-year limitations period." 182 F. Supp. 3d at 988. This view has been at least tacitly adopted by other district courts. *See Liu*, 2017 WL 412639, at *8 ("At most, a three-year statute of limitations applies to this claim as it is '[a]n action upon a liability created by statute.'") (citing *Minor*); *Somers*, 2015 WL 4481987, at *3. However, in *Delgado v. MillerCoors LLC*, No. CV 16-5241 DMG (ASx), 2017 WL 1130165, at *4–5 (C.D. Cal. Mar. 16, 2017), the district court concluded that a one year statute of limitations should always apply to claims brought under Labor Code § 1102.5 because subdivision (f) makes

imposition of civil penalties "mandatory" upon violation of that section.

The court finds the decision in *Minor* to be persuasive, and consistent with state law rules regarding determination of the applicable statutes of limitations. In general, it is true that California courts determine the limitations period applicable to a claim by analyzing the nature of the cause of action. *See Hensler v. City of Glendale*, 8 Cal. 4th 1, 22–23 (1994); *Wyatt v. Union Mortg. Co.*, 24 Cal. 3d 773, 786 n.2 (1979); *see generally Bay Cities Paving & Grading, Inc. v. Lawyer's Mut. Ins. Co.*, 5 Cal. 4th 854, 694 (1993) ("The cause of action is based upon the harm suffered, as opposed to the particular theory asserted by the litigant." (internal citations and quotations omitted)). Thus, "[n]either the caption form, nor the prayer of the complaint will conclusively determine the nature of the liability from which the cause of action flows." *Iverson, Yoakum, Papiano & Hatch v. Berwald*, 76 Cal. App. 4th 990, 995 (1999)); *see also Hensler*, 8 Cal. 4th at 23; *Day v. Greene* 59 Cal. 2d 404, 411 (1963).

However, and most importantly for purposes of resolving the pending motion, California Labor Code § 1102.5 forms the basis for two distinct claims. *See Minor*, 182 F. Supp. 3d at 988 (distinguishing between claims "commenced under § 1102.5" and claims specifically brought under § 1102.5(f)). A plaintiff can bring a § 1102.5 claim for damages, which seeks to remedy individual harms. *See Gardenhire v. Hous. Auth.*, 85 Cal. App. 4th 236, 241 (2000) (affirming an award of economic damages and emotional distress damages); *Hennighan v. Insphere Ins. Sols., Inc.*, No. 13–cv–00638–JST, 2013 WL 1758934, at *17–18 (N.D. Cal. Apr. 24, 2013) (noting that punitive damages are also available for retaliation claims brought under § 1102.5). A plaintiff can also bring a § 1102.5(f) claim for civil penalties, aimed to redress public wrongs. *See Sillah v. Command Int'l Security Servs.*, 154 F. Supp. 3d 891, 916 (N.D. Cal. 2015) (involving separate claims for general damages under § 1102.5 and for civil penalties under § 1102.5(f)); *see also Mitri v. Walgreen Co.*, 660 Fed. Appx. 528, 531 (9th Cir. 2016) ("A $10,000 sanction indicates that California believes that substantial sanctions are appropriate to deter unlawful retaliation against whistleblowers" (quotations omitted)).[5] Because claims based on

---

[5] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1  §§ 1102.5 and 1102.5(f) seek to redress different harms, they implicate different types of primary

2  rights, and give rise to separate and distinct causes of action.  *See generally Crowley v. Katleman*,

3  8 Cal. 4th 666, 681 (1994) (explaining that violation of a single primary right gives rise to only a

4  single cause of action, and that where there are different types of injury, there are separate

5  primary rights); *see also Hindin v. Rust*, 118 Cal. App. 4th 1247, 1256–57 (2004).  The

6  appropriate limitations period will depend on the nature of the cause of action presented by

7  plaintiff—that is, whether plaintiff brings a claim under § 1102.5 or § 1102.5(f).  *See Hensler*, 8

8  Cal. 4th at 22–23.

9       Here, in her FAC, plaintiff alleges a claim under § 1102.5 and not under § 1102.5(f).

10  Moreover, plaintiff does not seek civil penalties, and her prayer for relief requests only

11  compensatory damages and punitive damages.[6]  Accordingly, the court concludes that plaintiff

12  has brought "an action upon a liability created by statute, other than a penalty or forfeiture."  Cal.

13  Civ. Proc. Code § 338(a); *see generally Stone v. Travelers Corp.*, 58 F.3d 434, 438 (9th Cir.

14  1995) (explaining that, in determining whether a statutory damages remedy is a penalty under §

15  340(a), California courts consider whether plaintiff seeks to redress a wrong to the public or a

16  wrong to the individual); *Shamsian v. Atlantic Richfield Co.*, 107 Cal. App. 4th 967, 978 (2003)

17  (noting that the one year statute of limitations period under § 340(a) applies to causes of action

18  that require an award without regard to plaintiff's actual loss).  As such, under California law and

19  specifically § 338(a), a three-year statute of limitations period applies to plaintiff's § 1102.5 claim

20  in this case.[7]  Because plaintiff filed her original complaint on September 2016, less than three

21  years after the date of her alleged termination on July 2015, plaintiff's claim was filed within the

22  /////

23

24  [6]  Plaintiff also seeks injunctive relief based on other causes of action alleged in her FAC.  (Doc.
    No. 8 at 32–33.)

25

26  [7]  Because plaintiff's cause of action is not brought pursuant to subsection (f), the court does not

27  reach the issue discussed in *Delgado* of whether the civil penalty involved in that statute is
    mandatory or discretionary.  *See Delgado*, 2017 WL 1130165, at *4 ("This language [provided in
    § 1102.5(f)] is mandatory."); *see also Shamsian v. Atlantic Richfield Co.*, 107 Cal. App. 4th 967,

28  978 (2003) ("Generally, section 340, subdivision (a) applies if a civil penalty is mandatory").

1   applicable limitations period and is not time-barred.  (Doc. No. 1.)  Defendant's motion to dismiss

2   this claim on statute of limitations grounds will therefore be denied.

3                              xi.   *Labor Code § 6310 Claim*

4        Labor Code § 6310 prohibits an employer from terminating or discriminating against an

5   employee who has reported health and safety violations.  Cal. Lab. Code § 6310; *see also Freund*,

6   347 F.3d at 759 ("The public policy behind § 6310 is . . . to prevent retaliation against those who

7   in good faith report working conditions they believe to be unsafe."); *see also Taylor v. Lockheed*

8   *Martin Corp.*, 78 Cal. App. 4th 472, 485 (2000) ("Labor Code section 6310 is part of California's

9   statutory scheme for occupational safety.").

10       In the pending motion to dismiss, defendant argues that plaintiff's Labor Code § 6310

11  claim fails because plaintiff's allegations in her FAC regarding reporting "driver health and

12  safety" to government agencies are insufficient to satisfy federal pleading standards.  (*Id.* at 29–

13  30).

14       Plaintiff's FAC alleges that she reported "driver health and safety violations" to OSHA in

15  May 2013.  (*Id.* at 4, ¶ 13.)  Plaintiff also alleges in conclusory fashion that the practices she

16  reported posed a risk to employee health or safety.[8]  (*Id.*)  However, plaintiff provides no further

17  description of the employment practices she allegedly reported or the reasons why these practices

18  risked the health or safety of employees.  (*Id.*)  Without additional allegations as to the substance

19  of plaintiff's OSHA complaint, the court is unable to determine whether plaintiff's OSHA charge

20  constitutes the type of activity protected under California Labor Code § 6310.  *See, e.g.*, *Ferretti*

21  *v. Pfizer Inc.*, 855 F. Supp. 2d 1017, 1028–29 (N.D. Cal. 2012) (dismissing plaintiff's § 6310

22  claim because plaintiff alleged that she reported noncompliance with federal Investigational New

23  Drugs regulations, and "has not alleged any facts showing that she reported working conditions

24  that she believed to be unsafe.").  Defendant's motion to dismiss this claim will therefore be

25  granted.

26  ───────────────────

27  [8]  Plaintiff additionally alleges that following her May 2013 report, OSHA began an investigation
    that included a then-recent fuel spill at the defendant's Manteca Distribution Center.  (Doc. No. 8
    at 4, ¶ 13.)  However, it is not clear from the allegations of the FAC whether the alleged "driver

28  health and safety violations" plaintiff initially reported to OSHA related to this fuel spill.

**B.     Motion to Strike**

Defendant additionally moves to strike a number of allegations in plaintiff's FAC under Federal Civil Procedure Rule 12(f).  In particular, defendant requests that the court strike as superfluous allegations pertaining to: (i) discrimination and retaliation based on race or disability, failure to engage in the interactive process, and failure to accommodate, for the reasons asserted in their arguments concerning exhaustion; (ii) wages due to plaintiff before 2010; (iii) air conditioning in defendant's Dispatch office; (iv) plaintiff's 2012 performance evaluations being downgraded; (v) the May 2013 OSHA investigation of a fuel spill; (vi) changes to assignments and schedules of dispatchers in 2013; (vii) racial comments made by defendant's employees and plaintiff's reporting of them; (viii) statements made by defendant's employees implying plaintiff needed counseling; (ix) denial of long-term disability benefits; (x) accommodation requested or required by plaintiff; and (xi) disparate treatment with respect to the length of plaintiff's medical leave.  (Doc. No. 9-1 at 30–31; 9-2.)

Above, the court has concluded that plaintiff exhausted administrative remedies with respect to her FEHA claims, and that plaintiff may bring claims based on conduct described in her September 2015 administrative charge filed with the DFEH.  As such, the court will not strike allegations pertaining to discrimination, failure to accommodate, and refusal to engage in the interactive process, contained within her September 2015 administrative charge.  The court also cannot conclude that the remaining allegations defendant requests to have stricken have "no possible bearing" on plaintiff's surviving claims.  *Baker*, 2015 WL 1344958, at *5.  Defendant's motion to strike will therefore be denied.

## CONCLUSION

Accordingly, for the reasons set forth above, defendant's motion to strike (Doc. No. 10) is denied and defendant's motion to dismiss (Doc. No. 9), is granted in part and denied in part as follows:

1.  Defendant's motion to dismiss is denied as to plaintiff's FEHA claim for discrimination on the basis of sex;

*/////*

2. Defendant's motion to dismiss is denied as to plaintiff's FEHA claims for discrimination on the basis of race;

3. Defendant's motion to dismiss is granted as to plaintiff's FEHA claim for discrimination on the basis of disability, and this claim is dismissed with leave to amend;

4. Defendant's motion to dismiss is denied as to plaintiff's FEHA claim for failure to accommodate;

5. Defendant's motion to dismiss is denied as to plaintiff's FEHA claim for refusal to engage in the interactive process;

6. Defendant's motion to dismiss is granted as to plaintiff's FEHA claims for harassment and failure to prevent harassment, and this claim is dismissed with leave to amend;

7. Defendant's motion to dismiss is denied as to plaintiff's FEHA claim for retaliation;

8. Defendant's motion to dismiss is granted as to plaintiff's FEHA claim for declaratory relief, and this claim is dismissed with prejudice and without leave to amend;

9. Defendant's motion to dismiss is denied as to plaintiff's claim for wrongful termination;

10. Defendant's motion to dismiss is granted as to plaintiff's claims brought under California Labor Code §§ 201–203, and these claims are dismissed with prejudice and without leave to amend;

11. Defendant's motion to dismiss is denied to plaintiff's claim under California Labor Code § 1102.5;

12. Defendant's motion to dismiss is granted as to plaintiff's claim under California Labor Code § 6310, and this claim is dismissed with leave to amend;

13. Defendant's motion to dismiss is denied as to plaintiff's claims under California Labor Code §§ 98.6 and 98.7; and

/////

/////

/////

/////

/////

14. In the event plaintiff wishes to attempt to cure the deficiencies noted with respect to claims dismissed with leave to amend by this order, she is granted twenty-one days from the issuance of this order to file a second amended complaint.[9]

IT IS SO ORDERED.

Dated:  **June 29, 2017**

_____
UNITED STATES DISTRICT JUDGE

---

[9] On the other hand, should plaintiff wish to abandon those claims dismissed by this order with leave to amend and proceed only on the surviving claims of her FAC, she may file and serve a notice indicating that election. However, if plaintiff does elect to file a second amended complaint, she is reminded that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in any second amended complaint, as in an original complaint, each claim must be sufficiently alleged.