UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA M. AYALA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRITO LAY, INC.,<br><br>　　　　　Defendant. | No. 1:16-cv-01705-DAD-SKO<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT<br><br>(Doc. No. 28) |

On September 1, 2016, plaintiff Rebecca Ayala filed the original complaint in this action in the Stanislaus County Superior Court of California, alleging that due to her whistleblower activity, defendant Frito Lay, Inc. ("Frito Lay") retaliated against plaintiff by discriminating against her and wrongfully terminating her employment. (Doc. No. 1-5.) On November 7, 2016, defendant Frito Lay removed the action to federal court on the basis of diversity jurisdiction. (Doc. No. 1.) The operative complaint in this matter is plaintiff's second amended complaint, filed on July 20, 2017. (Doc. No. 22) On August 7, 2017, defendant Frito Lay filed its answer to the second amended complaint. (Doc. No. 24.)

On December 19, 2017, plaintiff timely filed the present motion for leave to file a third amended complaint, seeking to add defendants Frito-Lay North America, Inc.; Frito-Lay Sales, Inc.; Rolling Frito-Lay Sales, LP; PepsiCo, Inc.; and FL Transportation, Inc. (Doc. No. 28.) Plaintiff asserts that such amendment is necessary because defendant Frito Lay claimed in its

1

answer to the second amended complaint that it did not employ plaintiff after 2006 and at the time of plaintiff's termination of employment. (*Id.* at 1–2.) On January 9, 2018, defendant Frito Lay filed a statement of non-opposition to plaintiff's motion. (Doc. No. 30.)

Under Rule 15 of the Federal Rules of Civil Procedure, once an answer has been filed, a party may amend a pleading only with leave of court or after obtaining the written consent of the adverse party. *See* Fed. R. Civ. P. 15(a). A court should grant leave to amend freely when justice so requires. *Id.* The Supreme Court has instructed lower courts to heed carefully the command of Rule 15. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "[R]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citations and quotations marks omitted). As the Supreme Court has articulated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182; *see also Bowles v. Reade*, 198 F.3d 752, 757–58 (9th Cir. 1999). Of these considerations, the Ninth Circuit has held that "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Thus, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

Given the absence of any showing of prejudice, undue delay, bad faith, or futility of amendment, the court concludes that leave to amend should be granted here. In light of defendant's statement of non-opposition and finding good cause, the court will grant plaintiff leave to file a third amended complaint.

/////

/////

/////

2

Accordingly:

1. Plaintiff's motion for leave to file a third amended complaint (Doc. No. 28) is granted, and the third amended complaint (Doc. No. 28-2) is deemed filed and served as of the date of this order; and
2. Defendant shall file a response to the third amended complaint within fourteen (14) days of the service of this order.

IT IS SO ORDERED.

Dated: **February 7, 2018**

UNITED STATES DISTRICT JUDGE